Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff-employee and defendant-employer. Defendant is self-insured, with Constitution State Service Company as the servicing agent.
3. Plaintiff was injured in the course and scope of his employment with defendant-employer on September 29, 1993.
4. A Form 21 Agreement was executed between the parties and said Agreement provided that plaintiff's average weekly wage was $474.00. Plaintiff's compensation rate was $316.00 per week.
5. Plaintiff has been paid for the periods he was out of work with defendant-employer in the amount of $5,870.76 in temporary total disability benefits and $12,132.36 in medical expenses.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was 26 years of age. He began work for the defendant-employer on March 14, 1988, and was terminated from his job on September 21, 1994.
2. On September 29, 1993, plaintiff was injured in the scope and course of his employment when he was lifting bales of cloth and injured his back.
3. Subsequent to plaintiff's injury, he was treated by Dr. Fedder in Rockingham, North Carolina, who removed him from his work with defendant-employer. Plaintiff had experienced an acute lumbo-sacral sprain, low back strain and muscle spasms. Dr. Fedder prescribed medication to treat plaintiff's pain.
4. At the time of his injury on September 29, 1993, plaintiff's average weekly wage was $474.00 per week, which yields a compensation rate of $316.00 per week.
5. On November 11, 1993, Dr. Fedder released plaintiff to return to regular duty. On December 9, 1993, plaintiff returned to Dr. Fedder and reported that his back pain had returned. Dr. Fedder again limited plaintiff to light duty.
6. In January 1994, Dr. Fedder ordered an MRI of plaintiff's lower back. The MRI revealed that plaintiff has degenerative arthritis and a small central and left paracentral disc herniation. Dr. Fedder then prescribed physical therapy and a work hardening program for plaintiff.
7. On March 8, 1994, Dr. Fedder released plaintiff to work regular duty without any work restrictions and explained to him that he would probably experience intermittent discomfort in the future. Plaintiff has had no medical restrictions placed on his ability to work since that time.
8. Plaintiff has received temporary total disability payments for the periods during which he was unable to work because of his back injury.
9. Plaintiff returned to his job at defendant-employer on March 10, 1994. He was able to make production. His supervisor testified at hearing that plaintiff did not appear to have any difficulty in performing his job, and that he was one of the best people the supervisor had. In several of the weeks following plaintiff's return to work, his earnings surpassed both his average weekly wage at the time of injury, according to the Form 22 and the average weekly wage figure included in the Form 21.
10. On August 23, 1994, plaintiff returned to Dr. Fedder, complaining of increasing back pain. Dr. Fedder prescribed Motrin and the use of a lumbar corset, and scheduled a follow-up visit, which plaintiff later canceled.
11. Plaintiff was terminated from his position at defendant-employer on September 23, 1994, for exceeding the maximum number of unexcused absences permitted by defendant-employer's attendance policy. Plaintiff was granted a medical leave for the time that he missed due to his injury by accident. Absences for which an employee is granted medical leave are not counted as unexcused absences. Plaintiff's termination was unrelated to his injury.
12. Plaintiff was out of work for a year following his termination from defendant-employer. During that time, plaintiff drew unemployment compensation benefits for 26 weeks. By accepting unemployment benefits, plaintiff held himself out as ready, willing, and able to work. Plaintiff then worked for Southeastern Wire for six weeks, earning $7.00 per hour operating a forklift and building fence gates. On December 3, 1995, plaintiff left Southeastern Wire to work for Mr. Russell Baxton laying carpet. Plaintiff worked for Mr. Baxton until March 29, 1996, earning $6.00 per hour until the final week, when he was paid $7.00 per hour. Since then, plaintiff has been making $12.00 per hour as an electrician's helper for Bryant's Electric.
13. Dr. Fedder saw plaintiff again on March 5, 1996, and determined that plaintiff had suffered a ten percent impairment to his back as a result of his work-related injury.
14. Plaintiff was also examined by Dr. George Ferre on July 14, 1995.
15. Plaintiff has a ten percent permanent partial disability to his back as a result of his September 29, 1993 injury by accident.
* * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 29, 1993, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of his injury by accident, plaintiff was temporarily totally disabled and was entitled to receive temporary total disability compensation for the periods during which he was unable to work with defendant-employer at the rate of $316.00 per week. Defendants have already made these payments to the plaintiff. G.S. § 97-29.
3. Plaintiff is not entitled to further temporary total or any temporary partial disability payments. To be disabled under the Workers' Compensation Act, a worker must be incapable of earning the same wages that he earned prior to the injury, and that incapacity must be caused by the work-related injury. G.S. § 97-29; G.S. § 97-30. Defendant has met its burden of proving that plaintiff had the capacity as of March 8, 1994 to earn the same wages as before the injury. Franklin v. Broyhill Furniture,123 N.C. App. 200, 472 S.E.2d 382 (1996).
4. Plaintiff is entitled to have his medical bills paid by defendant as a result of his admitted injury by accident of September 29, 1993, for so long as this treatment may reasonably be required to effect a cure, give relief and that tends to lessen plaintiff's period of disability. G.S. § 97-25.
5. Plaintiff is entitled to be paid compensation for his ten percent permanent partial disability of his back in the amount of $316.00 per week for 30 weeks. G.S. § 97-31.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay to plaintiff in a lump sum, compensation at the rate of $316.00 per week for 30 weeks for the ten percent permanent partial disability to the plaintiff's back as a result of his September 29, 1993 injury by accident. Said payment is subject to an attorney fee provided below.
2. Defendant shall pay all medical bills of plaintiff as a result of the September 29, 1993 injury by accident for so long as this treatment is reasonably required to effect a cure, give relief or lessen plaintiff's disability. These payments include, but are not limited to, the visits and treatment provided to plaintiff by Dr. Ferre. The defendant is to be given credit for all medical expenses previously paid on behalf of the plaintiff.
3. A reasonable attorney fee of twenty-five percent of the amount due plaintiff in Paragraph 1 of this AWARD is hereby approved for plaintiff's counsel and shall be deducted and paid directly to plaintiff's counsel.
4. Defendant shall pay the costs due this Commission.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
BSB:md